IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| PHILLIP ULRICH, | Case No.: |
| *Plaintiff,* | |
| v. | |
| OLATHE SUBARU, LLC, | |
| *Please Serve:* <br> William J. George <br> 130 North Fir <br> Olathe, KS 66061 | |
| *Defendant.* | |

# COMPLAINT

Phillip Ulrich, for his Complaint against Olathe Subaru, LLC, ("Olathe Subaru") alleges the following:

## Parties

1. Ulrich is a citizen of the United States and a resident of Johnson County, Kansas.

2. Upon information and belief, Defendant Olathe Subaru is a Kansas Limited Liability Corporation authorized to do work in the state of Kansas.

## Nature of Action

3. This action seeks redress for disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. Ch. 126 §12101, *et seq*. ("ADA"); and age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*. ("ADEA").

### Jurisdictional Basis

4. This Court has primary jurisdiction over the ADA and ADEA claims, pursuant to 28 U.S.C. §1331.

5. Defendant Olathe Subaru is located within this district. Accordingly, as the acts complained of herein took place within this District, the venue is proper in this district under 28 U.S.C. §1391.

### Administrative remedies have been exhausted

6. Ulrich incorporates by reference the above paragraphs as though set forth separately herein.

7. Ulrich filed a Charge of Discrimination (No. 563-2020-00319) with the U.S. Equal Employment Opportunity Commission (EEOC), for disability discrimination on October 3, 2019. Ulrich was issued Notices of his Right to Sue on March 31, 2020. This complaint has been filed within 90 days of receipt of each. *See*, documents attached hereto.

8. Accordingly, Ulrich has met all administrative prerequisites prior to filing this action.

### Facts Common to All Counts

9. Ulrich began working for Olathe Subaru in 2017 as the general sales manager.

10. On or about January 11, 2019, he suffered a stroke while at work. The following day he suffered a larger stroke and was taken to the hospital to receive medical treatment.

11. As a result, he was gone from Olathe Subaru for approximately 30 days.

12. Upon his return, Ulrich did not receive his regular commission check for February. He was informed by Mandra Green, that Tony Oddo told her not to issue Ulrich his check.

13. Upon information and belief, other employees, who had not suffered from a stroke, received their regular commission checks.

14. Following his stroke, Ulrich was ordered to undergo physical therapy three days a week.

15. Ulrich made best efforts to schedule these appointments around his regular working hours. To that end, Ulrich's therapist wanted to see him three times per week initially, but, in May, at Mr. Oddo's request, to two times per week, so Ulrich would be "more available for work".

16. Shockingly, just months after his stroke and despite having record sales for the year, William "Bill" George and Mr. Oddo told Ulrich his position (general sales manager of the dealership) was being eliminated.

17. Upon information and belief, Mr. Oddo was given Ulrich's position. Mr. Oddo is younger than Ulrich, and, upon information and belief, has not suffered from a stroke.

18. During his tenure with Olathe Subaru, Ulrich never received any coaching, counseling, verbal or written reprimands. Indeed, by all accounts, he was a hardworking and well-liked employee.

19. Accordingly, it is reasonable to infer that Olathe Subaru discriminated against Ulrich because of his age, because of his disability, perceived disability or a record of disability and/or retaliated against him for his engagement in protected activity.

## COUNT I
### Violation of the Americans with Disabilities Act, 42 U.S.C. Ch. 126 §12101, *et seq*.
### Disability Discrimination

20. Ulrich realleges and incorporates all preceding paragraphs.

21. Olathe Subaru was an employer for purposes of the ADA.

3

22. Ulrich was an employee of Olathe Subaru for the purposes of the ADA.

23. Ulrich was disabled for purposes of the ADA.

24. Ulrich had a record of being disabled for purposes of the ADA.

25. Olathe Subaru regarded Ulrich as being disabled for purposes of the ADA.

26. Olathe Subaru terminated Ulrich because he was disabled, had a record of being disabled or because it regarded him as disabled.

27. The adverse employment actions alleged above directly and proximately caused Ulrich to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation, embarrassment and frustration.

28. The persons who terminated Ulrich were agents of Olathe Subaru who were acting in the court and scope of their agency with Olathe Subaru or acted with express authority from Olathe Subaru.

29. Olathe Subaru, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Ulrich's federally protected rights. Olathe Subaru is therefore liable for punitive damages in an amount sufficient to punish Olathe Subaru and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Ulrich prays for judgment against Olathe Subaru on Count I of his Complaint, for a finding that he was been subjected to unlawful discrimination in violation of 42 U.S.C. §12101, *et seq*.; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C §2000e-5(k); and for such other and further relief the Court deems just and proper.

## COUNT II
**Violation of the Americans with Disabilities Act, 42 U.S.C. Ch. 126 §12101, *et seq*.**

**Retaliation**

30. Ulrich realleges and incorporates all preceding paragraphs.

31. Ulrich engaged in protected activity by seeking workplace accommodations to accommodate his disability.

32. Olathe Subaru retaliated against Ulrich by terminating his employment.

33. That materially adverse acts alleged above directly and proximately caused Ulrich to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation embarrassment and frustration.

34. Olathe Subaru's retaliation against Ulrich was done with malice and reckless indifference to Ulrich's federal protected rights. Olathe Subaru is therefore liable for punitive damages in an amount sufficient to punish Olathe Subaru and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Ulrich prays for judgment against Olathe Subaru on Count II of his Complaint, for a finding that he was been subjected to unlawful discrimination in violation of 42 U.S.C. §12101, *et seq.*; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 42 U.S.C §2000e-5(k); and for such other and further relief the Court deems just and proper.

### COUNT III
**Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*.**
**("ADEA")**
**Age Discrimination**

35. Ulrich realleges and incorporates all preceding paragraphs.

36. Ulrich was 59 years old when he learned of his termination.

37. Ulrich is within the class of persons protected by 29 U.S.C. 621, *et seq*.

38. At all times material, Ulrich is entitled to the rights and protections provided under the ADEA.

39. Olathe Subaru discriminated against Ulrich on the basis of his age in violation of the ADEA.

40. Olathe Subaru, by and through its officers, employees and agents, engaged in a continuing pattern and practice of discrimination against or disparate treatment of plaintiff based upon plaintiff's age, ultimately terminating Ulrich.

41. The materially adverse acts alleged above directly and proximately caused Ulrich to suffer damages, including lost wages, lost benefits, garden variety emotional distress, humiliation, intimidation embarrassment and frustration.

42. Olathe Subaru's treatment of Ulrich was done with malice and reckless indifference to Ulrich's federal protected rights.  Olathe Subaru is therefore liable for punitive damages in an amount sufficient to punish Olathe Subaru and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Ulrich prays for judgment against Olathe Subaru on Count III of his Complaint, for a finding that he was been subjected to unlawful discrimination in violation of the ADEA; for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' fees provided by 29 U.S.C §§262(b) and 216(b); and for such other and further relief the Court deems just and proper.

**Jury Demand and Place of Trial**

Ulrich respectfully requests a trial by jury on all issues so triable in Kansas City, Kansas.

**Designation of Place of Trial**

Ulrich respectfully requests that trial in this matter be held at the Robert J. Dole Courthouse, 500 State Avenue, Kansas City, Kansas 66101.

HKM EMPLOYMENT ATTORNEYS LLP

<u>*/s/ John J. Ziegelmeyer III*</u>
John J. Ziegelmeyer III    KS No. 23003
Brad K. Thoenen    KS No. 24479
1501 Westport Road
Kansas City, Missouri 64111
Tel: 816.875.3332
jziegelmeyer@hkm.com
bthoenen@hkm.com
www.hkm.com

ATTORNEYS FOR PLAINTIFF


EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Phillip Ulrich<br>7403 West 145th Terrace<br>Overland Park, KS 66223 | **From:** St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2020-00319 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 539-7816 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Lloyd J. Vasquez, Jr.,
District Director

March 31, 2020
*(Date Mailed)*

cc:  Olathe Subaru, LLC
c/o Patrick S. Linden
CASE LINDEN PC
2600 Grand Boulevard, Suite 300
Kansas City, MO 64108

John J. Ziegelmeyer, III
HKM EMPLOYMENT ATTORNEYS LLP
1501 Westport Rd.
Kansas City, MO 64111

9